# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| TREVOR J. SHEA,       ) | |
| Movant,       ) | |
|                      ) | |
| vs.                  ) | Case No. 1:13-cv-1978-WTL-DML |
|                      ) | |
| UNITED STATES OF AMERICA.  ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Trevor J. Shea ("Mr. Shea") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

*Background*

On September 13, 2011, Mr. Shea was charged in a three-count Information in the Southern District of Indiana. He was charged with sexually exploiting children/producing sexually explicit images of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) in No. 1:11-cr-000169-WTL-KPF-1.

On September 14, 2011, Mr. Shea filed a petition to enter a plea of guilty. A plea agreement pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure* was filed the same day. Both filings were re-filed on September 27, 2011, as directed by the Magistrate Judge. On January 13, 2012, the Court conducted a hearing on Mr. Shea's petition to enter a plea of guilty. At the hearing, the Court confirmed that Mr. Shea understood the rights he relinquished if he pled guilty. The Court heard the factual basis for the plea and determined that the plea was voluntarily and

knowingly made. The Court accepted Mr. Shea's plea of guilty and adjudged him guilty as charged.

A sentencing hearing was held on the same day. The Court sentenced Mr. Shea to a total term of 396 months, with 360 months per count, all concurrent, plus an additional 12 months on each count, for a total of 36 months, consecutive, to be served concurrently with the term imposed in No. 1:10-cr-0096-WTL-DKL-1, to be followed by a lifetime of supervised release. Judgment was entered on the docket on January 20, 2012.

Mr. Shea appealed his sentence, however, after the appeal was docketed, counsel moved to withdraw and moved to dismiss the appeal as frivolous with an *Anders* brief. *United States v. Shea,* 493 Fed.Appx. 792, 2012 WL 4373430, Nos. 12-1190 and 12-1191 (7th Cir. Sept. 26, 2012). The Seventh Circuit discussed Mr. Shea's *pro se* challenges to his sentence and held that the possible errors identified by Mr. Shea "had no effect on his guidelines range." *Id.* at p. 4. The Seventh Circuit added that his total offense level was, in fact, "probably understated" and that Mr. Shea's sentence of 33 years was "significantly below the guidelines sentence and entitled to a presumption of reasonableness." *Id.* The motion to withdraw was granted and the appeals were dismissed. *Id.*

On December 16, 2013, Mr. Shea filed his motion for relief pursuant to 28 U.S.C. § 2255. The United States has responded and Mr. Shea has replied.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Shea asserts that trial counsel was ineffective during sentencing and for filing an *Ander's* brief. The United States argues that Mr. Shea's § 2255 claims lack merit.

*Ineffective Assistance Claims*

All of Mr. Shea's claims of ineffective assistance of counsel relate to sentencing and direct appeal. He first argues that counsel was ineffective in a number of ways related to his sentence: 1) failing to object to the guidelines range applied; 2) failing to object when the district court imposed a consecutive sentence which extended beyond the statutory maximum; 3) failing to object to the misapplication of the section 3147 enhancement; 4) failing to object to the Probation Officer's recommendation that Mr. Shea should not receive a reduction in offense level for acceptance of responsibility; 5) failing to seek a downward variance based on a diminished capacity; 6) failing to object to sentencing enhancements that were demonstrably untrue; and 7) misadvising Mr. Shea about the victim impact statement and psychotherapist report.[1]

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Shea to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance

---

[1] Mr. Shea argues that not until long after he was sentenced did he know a victim impact statement existed or might be considered by the Court. This is controverted by his testimony during the sentencing hearing when he acknowledged that in accordance with paragraph 17 of his plea agreement, Jane Does 6, 7, 8, 9, and 10 could submit a victim's impact statement if they chose to do so. 1:11-cr-0169-WTL-KPF, Dkt. 39, p. 30. Mr. Shea's allegation that counsel failed to advise him that a report written by his treating psychotherapist Billye McGaharn would be used in court is also misplaced. Mr. Shea argues that the United States referred to the report extensively. This is simply not true. The medical report discussed during sentencing was an independent psychiatric evaluation by Dr. Parker, which the United States argued was flawed. Dkt. 25-1, Ex. A (SEALED). Contrary to Mr. Shea's contention that he never received drug therapy, Dr. Parker's review of mental health records revealed a prescription of Luvox for depression and to rule out obsessive compulsive disorder. No prejudice can be found under either of these claims.

is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted). To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.* Even if counsel errs by failing to make some objections, courts "do not examine this error in isolation, but instead analyze counsel's performance as a whole." *Id.* at 593.

With respect to Mr. Shea's sentence, he agreed in his plea agreement that in addition to the sentences for the offenses charged in the Indictment and the Information,[2] he faced an additional consecutive sentence of between zero and thirty years imprisonment for the three offenses committed while on pretrial release, and that the determination of his sentence was within the discretion of the Court. Plea Agreement ¶¶ 7, 8. The Seventh Circuit addressed a number of Mr. Shea's specific challenges to his sentence calculation and acknowledged that "some of the guidelines calculations are questionable," but that "the corrections he seeks would not change his guidelines sentence." *United States v. Shea,* 493 Fed.Appx. 792, 794 (7th Cir. Sept. 26, 2012). As important, the Seventh Circuit stated that "in fact, the district court seems to have overlooked other upward adjustments that more than offset any mistakes in the government's favor." *Id.* Contrary to Mr. Shea's contention that his total offense level should have been 42 instead of 52, the appellate court concluded that "Shea's total offense level, even with the possible application errors, is probably understated." *Id.* at 796. The sentencing court could have imposed a 2-level increase for each count for Mr. Shea's use of a computer to communicate directly with his victims and coerce

---

[2] The Indictment was filed in 1:10-cr-0096-WTL-DKL-1, in which Mr. Shea has filed an identical § 2255 motion in 1:13-cv-1988-WTL-TAB.

them to engage in sexually explicit conduct. *Id.* An additional 2-level increase was also warranted for demanding that the victims touch themselves sexually and sadistically and for demanding that one victim physically abuse her friend. *Id.* Mr. Shea's sentence was "significantly below the guidelines sentence" and was "entitled to a presumption of reasonableness." *Id.* Because counsel negotiated a sentence significantly below the guidelines range, and because Mr. Shea has not shown that but for counsel's alleged errors, the sentence would have been different, Mr. Shea cannot meet his burden under *Strickland* with respect to any of his claims that challenge his sentence.

Mr. Shea also alleges claims of ineffective assistance of appellate counsel: 1) failing to proceed with his appeal; 2) failing to raise on appeal that the court erred when it failed to articulate why it imposed a fine; and 3) failing to raise on appeal the unconstitutional special conditions of supervision and lifetime term of supervision.

To show that counsel was ineffective on appeal, Mr. Shea must demonstrate that counsel "ignored significant and obvious issues." *Blake v. United States,* 723 F.3d 870, 888 (7th Cir. 2013). "For an attorney's performance to be considered ineffective on such grounds, it must be shown that the neglected issues are clearly stronger than the arguments that actually were raised on appeal." *Id.* (internal quotation omitted).

As discussed further below, attorneys do not err when, faced with nothing but frivolous arguments on appeal, they file an *Anders* brief. *See United States v. Sura,* 511 F.3d 654, 663 (7th Cir. 2007). Counsel in this case reasonably determined that there were no viable claims to bring on appeal and was not ineffective in deciding to move to withdraw the appeal.

Mr. Shea argues that appellate counsel failed to raise on appeal a claim that the Court erred by not articulating why it imposed a fine on Mr. Shea. This claim is meritless. Mr. Shea was

informed at sentencing that each of his offenses was subject to a fine of not more than $250,000. Dkt. 39, Sent. Tr. at p. 17. Section 2251 requires that a fine be imposed. 18 U.S.C § 2251(e) ("Any individual who violates…this section *shall be fined under this title* and imprisoned…"). The Court imposed a fine of $2,500. At sentencing the Court explained that it was "departing from the fine guideline range based upon your financial resources and your future ability to pay." Dkt. 39, Sent. Tr. at p. 101. The Court did not err in imposing a (below guideline) fine and counsel did not err in not asserting such claim on appeal.

*Other Issues*

In addition to his claims of ineffective assistance, Mr. Shea argues that the Court violated his right to free speech by imposing a condition of supervision that he not possess any pornography, erotica or nude images. Offenders on supervised release, however, do not have "unmitigated First Amendment right[s]." *United States v. Cary,* 75 F.3d 919, 926 (7th Cir. 2015). The Seventh Circuit has "upheld complete bans on activities as special conditions of supervised release (including a ban on internet use)…" *Id.* As part of his plea agreement, Mr. Shea explicitly agreed that the special conditions of supervised release be imposed. Plea Agreement, ¶ 13.A. He cannot now after receiving the benefit of his plea agreement, change his mind with respect to some of the conditions of supervised release. The special conditions were reasonably related to the nature and circumstances of the offenses of which Mr. Shea was convicted and he had fair notice of those conditions. *See* 18 U.S.C. §§ 3583(d), 3553(a). The Court did not abuse its discretion in imposing the agreed upon conditions.

Mr. Shea's final claim, that the Court violated his Fifth Amendment rights by imposing a sentence beyond that statutory maximum and not equally administering the sentencing guidelines, is denied as meritless for the same reasons as his sentencing claims discussed above.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Mr. Shea's request for an evidentiary hearing is denied because a hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Shea is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Shea has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-00169-WTL-KPF-1.

IT IS SO ORDERED.

Date: 7/6/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Trevor J. Shea
50907-037
FCC Petersburg
Inmate Mail/Parcels
P. O. Box 1000
Petersburg, VA 23804

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**